# *IN THE SUPREME COURT, STATE OF WYOMING*

## 2017 WY 38

*April Term, A.D. 2017*

**April 5, 2017**

BOARD OF PROFESSIONAL
RESPONSIBILITY, WYOMING
STATE BAR,

Petitioner,

v.

BRIAN M. REED BENIGHT, WSB#
7-5100,

Respondent.

D-17-0002

## ORDER SUSPENDING ATTORNEY FROM THE PRACTICE OF LAW

[¶1]    **This matter** came before the Court upon a "Report and Recommendation for Order of Reciprocal Discipline," filed herein March 17, 2017, by the Board of Professional Responsibility for the Wyoming State Bar, pursuant to Rule 12 (Stipulated Discipline) and Rule 19 (Discipline Imposed by Foreign Jurisdiction) of the Wyoming Rules of Disciplinary Procedure.  After a careful review of the Board of Professional Responsibility's Report and Recommendation and the file, this Court finds that the Report and Recommendation should be approved, confirmed, and adopted by the Court, and that Respondent Brian M. Reed Benight should be suspended from the practice of law for two years, consistent with the discipline imposed by the Presiding Disciplinary Judge of the Colorado Supreme Court.  It is, therefore,

[¶2]    **ADJUDGED AND ORDERED** that the Board of Professional Responsibility's Report and Recommendation for Order of Reciprocal Discipline, which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

[¶3]    **ADJUDGED AND ORDERED** that, consistent with the discipline imposed by the Presiding Disciplinary Judge of the Colorado Supreme Court and as a result of the

conduct set forth in the Report and Recommendation for Order of Reciprocal Discipline, Respondent Brian M. Reed Benight shall be, and hereby is, suspended from the practice of law for a period of two years, effective upon entry of this order; and it is further

[¶4]    **ORDERED** that the Wyoming State Bar may issue a press release consistent with the one contained in the Report and Recommendation for Order of Reciprocal Discipline; and it is further

[¶5]    **ORDERED** that, during the period of suspension, Respondent shall comply with the requirements of the Wyoming Rules of Disciplinary Procedure, particularly the requirements found in Rule 21 of those rules; and it is further

[¶6]    **ORDERED** that, pursuant to Rule 25 of the Wyoming Rules of Disciplinary Procedure, Respondent shall reimburse the Wyoming State Bar the amount of $50.00, representing the costs incurred in handling this matter, as well as pay the administrative fee of $750.00.  Respondent shall pay the total amount of $800.00 to the Wyoming State Bar on or before May 31, 2017; and it is further

[¶7]    **ORDERED** that the Clerk of this Court shall docket this Order Suspending Attorney from the Practice of Law, along with the incorporated Report and Recommendation for Order of Reciprocal Discipline, as a matter coming regularly before this Court as a public record; and it is further

[¶8]    **ORDERED** that, pursuant to Rule 9(b) of the Wyoming Rules of Disciplinary Procedure, this Order Suspending Attorney from the Practice of Law, along with the incorporated Report and Recommendation for Order of Reciprocal Discipline, shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

[¶9]    **ORDERED** that the Clerk of this Court cause a copy of this Order Suspending Attorney from the Practice of Law to be served upon Respondent Brian M. Reed Benight.

[¶10]  **DATED** this 5th day of April, 2017.

BY THE COURT:

/s/

**E. JAMES BURKE**
**Chief Justice**

D-17-0002

IN THE SUPREME COURT
STATE OF WYOMING
FILED

MAR 17 2017

WSB No. PATRICIA BENNETT, CLERK

**BEFORE THE SUPREME COURT**
**STATE OF WYOMING**

*In the matter of*                                    )
*BRIAN M. REED BENIGHT,*                    )
*WSB # 7-5100,*                                       )
                                                              )
*Respondent.*                                         )

**REPORT AND RECOMMENDATION**
**FOR ORDER OF RECIPROCAL DISCIPLINE**

THIS MATTER came before the Board of Professional Responsibility on the 14th day of March, 2017, for consideration of the Stipulated Motion for Order of Reciprocal Discipline submitted pursuant to Rules 12 and 19 of the Wyoming Rules of Disciplinary Procedure, and the Board having reviewed the Stipulation, the accompanying affidavit of factual basis and being fully advised in the premises, FINDS, CONCLUDES and RECOMMENDS as follows:

1.      Respondent was admitted to practice in Wyoming in 2013. He is a resident of Colorado, where he is was also licensed to practice law in 2013.

2.      On December 8, 2016, an "Opinion and Order Imposing Sanctions Under C.R.C.P. 251.19(b)" was issued by the Office of the Presiding Disciplinary Judge of the Colorado Supreme Court. The Opinion and Order resulted from Respondent's violation of Rule 8.4(b) of the Colorado Rules of Professional Conduct, which provides that it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects.[1] The Opinion and Order imposed a two year suspension upon Respondent, to take effect upon issuance of an "Order and Notice of Suspension."

---

[1] Wyoming's W.R.P.C. Rule 8.4(b) is identical.

3. On January 12, 2017, the Presiding Disciplinary Judge issued an "Order and Notice of Suspension" suspending Respondent from the practice of law for a period of two years, effective immediately.

4. Respondent's two-year suspension in Colorado followed Respondent's plea of guilty and subsequent conviction in Colorado of unlawful sexual contact with a fifteen-year-old girl, a Class A Misdemeanor under Colorado Law.

5. On January 17, 2017, Bar Counsel filed a formal charge pursuant to Rule 19(d) of the Wyoming Rules of Disciplinary Procedure, which provides:

> Upon receiving notice that an attorney subject to these rules has been publicly disciplined in another jurisdiction, Bar Counsel shall obtain the disciplinary order and prepare and file a formal charge against the attorney as provided in Rule 13. If Bar Counsel intends either to claim that substantially different discipline is warranted or to present additional evidence, notice of that intent shall be given in the formal charge. If the attorney intends to challenge the validity of the disciplinary order entered in the foreign jurisdiction, the attorney must file with the BPR Clerk an answer and a full copy of the record of the disciplinary proceedings which resulted in the imposition of that disciplinary order within 21 days after service of the formal charge or such greater time as the BPR Chair may allow for good cause shown. At the conclusion of proceedings brought under this Rule, the BPR shall issue a report and recommendation that the same discipline be imposed as was imposed by the foreign jurisdiction, unless it is determined by the BPR that:
>
> (1) The procedure followed in the foreign jurisdiction did not comport with requirements of due process of law;
>
> (2) The proof upon which the foreign jurisdiction based its determination of misconduct is so infirm that the BPR cannot, consistent with its duty, accept as final the determination of the foreign jurisdiction;
>
> (3) The imposition of the same discipline as was imposed in the foreign jurisdiction would result in grave injustice; or
>
> (4) The misconduct proved warrants that a substantially different form of discipline be recommended by the BPR.

6. Rule 19(a) provides, "Except as otherwise provided by these rules, a final adjudication in another jurisdiction of misconduct constituting grounds for discipline of an attorney

2

shall, for purposes of proceedings pursuant to these rules, conclusively establish such misconduct." The Colorado Order and Notice of Suspension is a final adjudication of such misconduct.

7. On January 17, 2017, Bar Counsel filed a formal charge pursuant to Rule 19(d). Respondent timely filed an answer to the formal charge on February 21, 2017, in which he admitted the allegations of the formal charge.

8. Bar Counsel does not claim that substantially different discipline is warranted. Respondent does not challenge the validity of the Colorado Order and Notice of Suspension.

9. For the reasons stated in Stipulation and based on the facts and admissions in Respondent's affidavit of factual basis, the Board recommends that the Court issue an Order of Reciprocal Discipline.

10. If the Court accepts the Board's recommendation and issues an Order of Reciprocal Discipline in accordance herewith, Bar Counsel and Respondent have agreed to the following press release:

> The Wyoming Supreme Court issued an order of reciprocal discipline suspending Colorado lawyer Brian M. Reed Benight from the practice of law for a period of two years. The reciprocal order of suspension stemmed from a corresponding order issued by the Presiding Disciplinary Judge of the Colorado Supreme Court and followed Benight's plea of guilty and conviction in Colorado of a criminal act that reflects adversely on Benight's honesty, trustworthiness, or fitness as a lawyer in other respects. Benight was ordered to pay an administrative fee in the amount of $750.00 and costs of $50.00 to the Wyoming State Bar.

For the foregoing reasons, the Board of Professional Responsibility recommends that the Court issue an Order of Reciprocal Discipline and further order Respondent to pay an administrative fee in the amount of $750.00 and costs of $50.00 to the Wyoming State Bar.

DATED this ___15___ day of March, 2017.

Judith A.W. Studer, Chair
Board of Professional Responsibility
Wyoming State Bar

3